IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ENNIS UNITA MCWHORTER,
    Plaintiff,

             v.

TRANSUNION LLC, *et al.*,
    Defendants.

Civil Action No.
1:21-CV-01753-SDG-LTW

## OPINION AND ORDER

This matter is before the Court on the Non-Final Report and Recommendation ("R&R") of United States Magistrate Judge Linda T. Walker [ECF 92], which recommended that Defendants' motion to dismiss [ECF 80] be granted in part. Plaintiff, proceeding *pro se*, timely filed objections to the R&R [ECF 94], as did Defendants Experian Information Solutions [ECF 96], Nelnet Servicing LLC [ECF 97], and TransUnion LLC [ECF 101]. After careful consideration of the record, Plaintiff's objections are **OVERRULED**, Defendants' objections are largely **SUSTAINED**, and Judge Walker's R&R is **ADOPTED in part**. Defendants' motion to dismiss [ECF 80] is **GRANTED**. As a result, Plaintiff's other pending motions [ECF 104; ECF 108] are **DENIED as moot**.

## I.   Background

The Court incorporates by reference the thorough recitation of the facts and procedural history set forth in the R&R, to which Plaintiff raised no non-frivolous

objection. While the Court has difficulty understanding the facts as laid out by Plaintiff, it nonetheless attempts to provide a brief summary of the pertinent facts as follows.

Plaintiff initiated this action on April 28, 2021. She has since filed five versions of her complaint. On December 30, 2021, Plaintiff filed three "Statement of Claim[s]," which she treats as a singular amended complaint.[1] Essentially, Plaintiff alleges that "scheduled payments" on her student loans are being inaccurately reported by Nelnet, the furnisher of her loans, to credit reporting agencies TransUnion and Experian.[2] As to Experian, Plaintiff alleges she owes the Internal Revenue Service (IRS) money based on "false information being reported by 'Experian' concerning student loans," but the pleading does not explain how.[3] Plaintiff also alleges she "was declined for housing by Experian" and that some unspecified "information was false" but that Experian responded by "stating that the information was valid."[4] Additionally, Plaintiff claims that she "requested her full credit profile" in February 2021 and that Experian did not provide it, even

---

[1]   ECF 74, 75, and 76.

[2]   ECF 75, at 11.

[3]   ECF 74, at 2.

[4]   *Id.* at 2–3.

though her amended complaint attaches large portions of a February 2021 document titled "Annual Credit Report–Experian."[5] Her claims against TransUnion are similar.[6]

Defendants jointly moved to dismiss on January 13, 2022.[7] Judge Walker issued the R&R on April 27, 2022, recommending that the motion to dismiss be denied in part and granted in part.[8] Plaintiff and all Defendants filed objections and responses.[9]

## II.   Legal Standard

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to

---

[5]   *Id.* at 6.

[6]   *See generally,* ECF 75.

[7]   ECF 80.

[8]   ECF 92.

[9]   ECF 94 (Pl.'s Obj.); ECF 96 (Experian Obj.); ECF 97 (Nelnet Obj.); ECF 99 (Pl.'s Resp. to Experian Obj.); ECF 101 (TransUnion Obj.); ECF 102 (TransUnion & Experian Resp. to Pl.'s Obj.); ECF 103 (Pl.'s Resp. to TransUnion Obj.).

which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a report and recommendation. It may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

## III.  Discussion

Plaintiff and Defendants each lodged objections to the R&R. The Court will first address Plaintiff's objections and then turn to each of Defendants.

### a.  Plaintiff's Objections

As an initial matter, much of Plaintiff's objections simply reiterate arguments and facts she has already presented rather than raising problems with the R&R's conclusions. For example, Plaintiff "objects" to the R&R's recitation of

the alleged facts without explaining how the R&R is incorrect. And, to the extent that Plaintiff uses her objections to allege additional facts not included in the operative pleading, those allegations are improper as the Court can only consider the four corners of the complaint when deciding a motion to dismiss. Nor can she serially change her allegations in responsive briefings or without leave. Fed. R. Civ. P. 15(a)(1). Plaintiff also objects to the general pleading standard and, seemingly, to her own allegations—"The plaintiff objects to her allegations that she somehow owes the IRS based on false information in her credit report [ ] due to her own plain error."[10] To the extent it can decipher Plaintiff's proper objections to the R&R, the Court addresses them below.

### i.   Objection to Defendants' failure to file a responsive pleading

As she has done several times before, Plaintiff "object[s] that the defendants had no obligation to file a responsive pleading (answer) . . . in addition to their motion to dismiss"[11] and that "[t]he defendants were still required to include a response to the merits of the plaintiffs [sic] claims, in addition to their defenses."[12] Judge Walker has explained to Plaintiff the requirements of Fed. Civ. P. 12

---

[10]   ECF 94, at 9.

[11]   *Id.* at 4.

[12]   *Id.*

motions multiple times,[13] yet Plaintiff continues to—wrongly—insist that Defendants were required to file an answer along with their motion to dismiss.[14] This objection is plainly contrary to Rule 12 and therefore frivolous.

Because she is proceeding *pro se*, Plaintiff may fail to understand the effect of her amendments to the complaint. Each time Plaintiff amends, the amended pleading supersedes the prior one; Defendants may respond to the new complaint by moving to dismiss. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case."). The operative amended complaint was filed on December 30, 2021, and Defendants timely moved to dismiss on January 13, 2022— *instead* of filing an answer, as was permitted. Fed. R. Civ. P. 12(a)(4), (b). Defendants were not required to file an answer under these facts, and Plaintiff's objection asserting otherwise is overruled.

### ii.    Objections to the R&R's recommendation to dismiss fraud claims

Plaintiff objects to the R&R's recommendation that this Court dismiss her fraud claims. Under Georgia law, to plead a claim for fraud the plaintiff must

---

[13]    *See, e.g.,* ECF 50, at 3; ECF 61.

[14]    ECF 94, at 4–5.

allege "(1) [a] false representation by defendant; (2) scienter; (3) [an] intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff." *Ades v. Werther*, 256 Ga. App. 8, 11 (2002). The Federal Rules require that allegations of fraud "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This means Plaintiff was required to plead "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiff[ ]; and (4) what the defendants gained by the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380–81 (11th Cir. 1997)).

Plaintiff's objections do not address the fatal issue identified in the R&R. With respect to Nelnet, the R&R correctly notes that Plaintiff's allegations are not particular. Plaintiff simply claims she is "being frauded by the defendant" via unspecified "fraudulent tactics and fraudulent schemes."[15] Her objections do not sufficiently address this deficiency. Plaintiff tries to rely on Rule 9(b) to assert that she can allege knowledge generally, but she must allege the precise details about

---

[15]   ECF 76, at 13.

the fraudulent statements with *particularity*. The R&R notes, and this Court agrees, that Plaintiff never explains *what* false statement was made or how she relied on it. In fact, Plaintiff alleges that she disputed the allegedly false information. According to the R&R, "that is presumably because Plaintiff 'always knew these statements' were (allegedly) false, and thus Plaintiff could not justifiably rely on statements she knew were false."[16]

With respect to TransUnion and Experian, the R&R correctly notes that Plaintiff cannot justifiably "rely" on representations that were never made to her. Again, nothing in Plaintiff's objections address this deficiency. Plaintiff fails to allege with particularity how Defendants engaged in fraud, instead making broad, conclusory, and confusing statements. For example, in her objections, after statements expressing confusion about the Nelnet application submission,[17] Plaintiff asserts that "Experian may have also caused the malice because it may be fairly traceable to the defendants address."[18] This statement, which appears to blame Experian for the allegedly incorrect reporting of Plaintiff's student loans

---

[16] ECF 92, at n.3 (citing *Tran Chiropractic Wellness Ctr., Inc. v. Aetna Inc.*, No. 8:14-CV-47-T-36EAJ, 2015 WL 144243, at *4 (M.D. Fla. Jan. 12, 2015)).

[17] The Court also cannot discern to what fraudulent activity Plaintiff refers when discussing her confusion over mailing addresses for loan payments.

[18] ECF 94, at 13.

because of the address she used when mailing the payments, is both nonsensical and speculative. Plaintiff fails to allege enough factual matter, taken as true, to meet the necessary standard for pleading fraud, and her objections do not adequately address this basic problem.

The Court accordingly adopts the R&R's recommendation that Plaintiffs' fraud claims against Defendants fail as a matter of law.

### iii. Objections to the R&R's recommendation to dismiss § 1681g claims

Plaintiff objects to the R&R's conclusion that her claim that she did not receive her full credit file is totally unconnected from any alleged damages she may have suffered. Plaintiff continues to put forth conclusory statements such as the "failure for the CRA's [sic] [credit reporting agencies] to provide this information consequentially harms the plaintiff, and does not fail as a matter of law."[19] Plaintiff did in fact attach large portions of her credit file to the amended complaint. However, that fact is ultimately irrelevant, since, as the R&R correctly notes, Plaintiff has not "identified consequential harms from the failure to disclose the contested information."[20] *See Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990,

---

[19]   *Id.* at 16.

[20]   ECF 92, at 17.

1004 (11th Cir. 2020); *see also Taylor v. Screening Reps., Inc.*, 294 F.R.D. 680, 686 (N.D. Ga. 2013) (holding that a § 1681g claim failed as a matter of law because there was no connection between the plaintiff's "damages [and the defendant's] failure to provide him with his complete file").

Again, Plaintiff makes conclusory statements such as "the failure to provide this information consequentially harms the plaintiff,"[21] and "the refusal to provide her full file would suggest that there is something to hide."[22] But there are no factual allegations about how she was harmed by this alleged failure. Accordingly, the Court agrees with the R&R's conclusion that Plaintiff's § 1681g claims fail as a matter of law.

### b.   Defendants' Objections

Experian, TransUnion, and Nelnet filed separate objections. The Court addresses each below, combining the discussion where appropriate.

### i.   Experian and TransUnion's objection to the R&R's recommendation as to the § 1681i claims

To state a claim under § 1681i(a), a plaintiff must show the following:

> (1) the consumer's credit report contains inaccurate or incomplete information; (2) the consumer notified the credit reporting agency of the alleged inaccuracy; (3) the

---

[21]   ECF 94, at 16.

[22]   *Id*.

> dispute was not frivolous or irrelevant; (4) the agency
> failed to respond or conduct a reasonable reinvestigation
> of the disputed items; (5) the failure to reinvestigate
> caused the consumer to suffer out-of-pocket losses or
> intangible damages such as humiliation or mental
> distress.

*Steed v. Equifax Info. Servs. LLC*, No. 1:14-cv-437-SCJ-CMS, 2016 WL 7888040, at *11 ( July 15, 2016), *report and recommendation adopted*, 2016 WL 7888039 (N.D. Ga. Aug. 31, 2016). Both Experian and TransUnion objected to the R&R's conclusion that Plaintiff stated a claim under § 1681i. They argue that, while Plaintiff has alleged an inaccuracy on her credit report, she has failed to allege the additional elements of such a claim, particularly the fourth element: failure to investigate the disputed items. The Court agrees with Defendants.

The only mention of failure to investigate in the operative pleading is the allegation that both Experian and TransUnion violated § 1681i "for failure to promptly delete inaccurate information after being re-investigated, from the Plaintiffs [sic] credit report."[23] As Defendants argue, this short and conclusory statement is not enough to plausibly allege that Defendants failed to investigate the inaccuracy, or that their investigation was unreasonable.

---

[23]   ECF 75, at 17; ECF 74, at 9.

The complaint also alludes to a failure to investigate by stating that the allegedly inaccurate information was not removed from her credit report. But bare allegations that a CRA reinvestigated and did not remove the disputed information, without any supporting facts showing how the consumer reporting agency's actions were unreasonable, are insufficient to state a claim. *Cope v. Hyundai Motor Fin.*, No. 5:17-cv-181-AKK, 2017 WL 2903196, at *3 (N.D. Ala. Jul. 7, 2017) (dismissing reinvestigation claims when plaintiff merely alleged that consumer reporting agencies did not remove inaccurate information despite plaintiff's disputes); *Alexander v. Certegy Check Servs.*, Case No. 8:16-CV-859-17JSS, 2016 WL 5843176, at *3–*4 (M.D. Fla. Oct. 4, 2016) (dismissing a complaint where the plaintiff's allegations were insufficient to state a plausible violation of § 1681i); *Henry v. Chex Sys.*, No. 1:16-cv-1382, 2016 WL 9558959, at *6–*7 (Oct. 4, 2016) (concluding the plaintiff had failed to allege the defendant failed to conduct a reasonable reinvestigation), *report and recommendation adopted*, 2016 WL 9558941 (N.D. Ga. Oct. 31, 2016). In sum, while Plaintiff has alleged an inaccuracy on her credit report, she has failed to plead facts plausibly supporting all elements of a § 1681i violation, particularly related to Defendants' purported failure to adequately investigate the inaccuracy. Plaintiff's § 1681i claim therefore fails.

### ii.    TransUnion's objection to the R&R's recommendation as to the § 1681e(b) claims.

TransUnion objects to the R&R's conclusion that Plaintiff adequately alleged a claim under § 1681e(b). The R&R notes that "[t]he elements of a § 1681e(b) claim and a § 1681i claim are 'the same, except that [§ 1681i does not require] that the agency prepared and distributed a report.'"[24] *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021); *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 826 (11th Cir. 2009). Because that "distinction is immaterial" for purposes of Defendants' Motion to Dismiss, Judge Walker analyzed both the § 1681i and § 1681e(b) claims together.

Section 1681e(b) requires Plaintiff to plead that (1) Defendants published an inaccurate consumer report to a third party; (2) Defendants failed to follow reasonable procedures to ensure maximum possible accuracy of its reports; and (3) Defendants' failure to follow reasonable procedures caused actual damages to her. *Meeks v. Equifax Info. Servs., LLC*, Case No. 1:18-cv-03666-TWT-WEJ, 2019 WL 1856411, at *4 (Mar. 4, 2019), *report and recommendation adopted*, 2019 WL 1856412, at *1 (N.D. Ga. Apr. 23, 2019). In an August 16, 2021 order, Judge Walker noted that Plaintiff had not plausibly connected the alleged inaccuracies in her credit

---

[24]    ECF 92, at 16 n.4.

report to her injuries. "[N]othing suggests Plaintiff was 'declined housing' or 'declined for a Licensed Banker position' based on the fact Experian is reporting a scheduled payment amount."[25] Additionally, the order noted that Plaintiff failed to connect the Internal Revenue Service collection of her student loan accounts, alleging only that it "[might be] based on [her] credit report."[26]

First, as discussed previously, Plaintiff has failed to allege that Defendants did not follow reasonable procedures to ensure maximum possible accuracy of their reports.[27] And, even assuming she adequately alleged a failure to follow reasonable procedures, Plaintiff's amended complaint still fails to connect her purported injury to Defendants' conduct. In fact, in her objections, Plaintiff distances any injuries she may have suffered from the alleged inaccurate information in her credit report. She states "[t]he plaintiff may have mistakenly alleged the IRS decision was based solely on her Experian credit report. . . . The plaintiff can only speculate that this injury was based on the multiple inquiries from the IRS into her Experian credit report."[28] This is not sufficient to allege a

---

[25]   ECF 50, at 11.

[26]   *Id.*

[27]   *See supra* Section III.b.i.

[28]   ECF 94, at 9.

connection between her injury and Defendants' actions, and her § 1681e(b) claims fail accordingly.

> ### iii.    Experian and TransUnion's objection to the R&R's recommendation that Defendants were in willful noncompliance with the FCRA

Defendants object to the R&R's conclusion that the complaint sufficiently alleges they acted willfully, asserting that the pleading contains only conclusory statements of willful action. Section 1681n provides for civil liability for willful noncompliance with the Fair Credit Reporting Act (FCRA). "Willfully" means either knowingly or with reckless disregard. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 58–59 (2007). To state a willfulness claim, Plaintiff must allege (1) Defendants had a practice or policy that was objectively unreasonable in light of the FCRA's statutory language, and (2)  Defendants ran a risk of violating the FCRA that was substantially greater than the risk associated with a reading that was merely careless. *Id.* Importantly, as Experian points out, "[a] consumer reporting agency's interpretation of its obligations under the FCRA can be erroneous and still not be considered willful." *Id.* at 68–69. And, neither the failure to correct alleged errors after receiving notice, nor the mere existence of inaccuracies in a consumer's report, can amount to willful noncompliance with the FCRA. *See Barrepski v. Capital One Bank (U.S.A.) N.A.*, No. 11-30160-NMG, 2014 WL 935983, at *12

(D. Mass. Mar. 7, 2014); *Hill v. Equifax Info. Servs., LLC*, 974 F. Supp. 2d 865, 877

(M.D.N.C. 2013); *Johnson v. Equifax, Inc.*, 510 F. Supp. 2d 638, 648 (S.D. Ala. 2007)

(citation omitted). Finally, a CRA's failure to identify inaccurate information after

receiving a dispute is not automatically enough to establish a willful violation of

the FCRA. *Robertson v. Experian Info. Sol'ns*, No. 1:CV-09-0850, 2010 WL 1643579, at

*5 (M.D. Pa. Apr. 22, 2010).

The R&R states that, assuming Plaintiff's sufficiently pleaded allegations are

true, Defendants must have acted willfully. The Court respectfully disagrees.

These allegations are entirely conclusory and unsupported by any plausibly

alleged facts. Plaintiff simply labels Defendants' actions as willful without detail.

This is not enough. The Court finds that Plaintiff has failed to allege sufficient facts

to plausibly allege that either Experian or TransUnion acted willfully.

> ### iv.   Nelnet's objections to the R&R's recommendation with regard to § 1681s-2(b) claims.

Nelnet objects to the R&R's conclusion that Plaintiff stated a claim under

§ 1681s-2(b), as she did not "properly allege[ ] that Nelnet was notified of the

dispute," triggering the requirement to conduct an investigation. Section 1681s-

2(b) requires furnishers of loans to investigate and respond promptly to notices of

customer disputes. The FCRA provides a private right of action for a violation of

§ 1681s-2(b), but only if the furnisher received notice of the consumer's dispute

from a CRA. 15 U.S.C. § 1681s-2(b)(1); *see also Horton v. HSBC Bank*, No. 1:11-CV-3210-TWT, 2013 WL 2452273, at *6 (N.D. Ga. June 5, 2013) ("To survive a motion to dismiss on a 15 U.S.C. § 1681s-2(b) claim, the plaintiff must allege that the defendant received the proper notice from the consumer reporting agency pursuant to 15 U.S.C. § 1681i(a)(2) and that the defendant failed to uphold its duties pursuant 15 U.S.C. § 1681s-2(b)."). The duties of a furnisher under § 1681s-2(b) are part of the larger "reinvestigation" conducted pursuant to § 1681i, so the "appropriate touchstone for evaluating a furnisher's investigation under § 1681s-2(b) is reasonableness." *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312 (11th Cir. 2018) (quotation marks omitted).

While Nelnet is correct that Plaintiff does not explicitly allege it received notice of a dispute from either TransUnion or Experian, she has alleged enough to plausibly indicate that such notice was given because she opened disputes with TransUnion and Experian. *See Horton*, 2013 WL 2452273, at *7 ("[I]t is reasonable to infer that Defendants received notice of a dispute regarding Plaintiff's accounts from the credit bureaus Plaintiff contacted, which prompted Defendants to respond to the bureaus that they had verified Plaintiff's accounts."). This part of Nelnet's objection is therefore overruled.

However, the inquiry does not end there. To state a claim, Plaintiff must also allege that Nelnet's investigation was unreasonable. She has failed to do so. Plaintiff has not alleged any facts to suggest that Nelnet "failed to conduct an investigation after it received notice from the credit bureaus of Plaintiff's dispute, failed to review any information the credit bureaus provided in their notice, or failed to report the results of its investigation to the credit bureaus." *Id.* Therefore, she has failed to state a claim for relief against Nelnet pursuant to § 1681s-2(b).

### *v.* Experian's objection to the R&R's failure to address 1681s-2(b) claims against Experian

Experian objects on the ground that the R&R failed to address Plaintiff's § 1681s-2(b) claims against it. Plaintiff alleged that Experian "violated 15 U.S.C. 1681s-2(b) for furnishing information with knowledge of errors to third parties."[29] The Court finds that, because § 1681s-2(b) applies only to furnishers of information, which Experian and TransUnion are not, Plaintiff's § 1681s-2(b) claims fail as to Experian and TransUnion.

Section 1681s-2(b) sets forth various requirements that furnishers of information must meet when reporting information to CRAs. Experian and TransUnion are CRAs, not furnishers. Section 1681a(f) states that the term

---

[29]   ECF 74, at 9.

"consumer reporting agency" "means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." Plaintiff herself acknowledges that Experian and TransUnion are CRAs.[30] Therefore, she cannot bring a § 1681s-2(b) claim against either TransUnion or Experian.

> ### vi.    Plaintiff's sixth substantive motion to amend her complaint is denied.

After the R&R was issued, Plaintiff filed a motion for leave to relate back amendments/statement of claims.[31] Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." The Rule also provides that "[t]he court should freely give leave when justice so requires." *Id*. However, whether such leave should be granted is committed to the sound discretion of the trial court. *S. Grouts & Mortars., Inc. v. 3M Co.*, 575 F.3d 1235, 1240 (11th Cir. 2009); *Interstate Nat'l Dealer Servs., Inc.*

---

[30]   "Experian Information Solutions Inc. is a credit reporting agency." ECF 74, at 1; "TransUnion LLC is a credit reporting agency." ECF 75, at 1.

[31]   ECF 104.

*v. U.S. Auto Warranty, LLC*, No. 1:12-cv-04265-RWS, 2015 WL 13273318, at *8 (N.D. Ga. Dec. 11, 2015) ("[L]eave to amend is by no means automatic."). The Eleventh Circuit has advised that a court should deny leave to amend "where there is [a] substantial ground for doing so, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008). Generally, a *pro se* "plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (quoting *Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)).

Plaintiff has had five opportunities to plead her claims, and is now requesting a sixth. The Court does not find that another amendment would serve the interest of justice. In fact, in a December 22, 2021 R&R, Judge Walker informed Plaintiff that she was being granted "one final opportunity to correct the deficiencies" identified in her complaint.[32] Plaintiff's instant motion for leave to

---

[32]   ECF 71, at 8.

amend would be futile as she has demonstrated a "repeated failure to cure deficiencies by amendments previously allowed." *Reese*, 527 F.3d at 1263. Plaintiff's motion is therefore denied.

## IV.   Conclusion

The Court has reviewed the entirety of the R&R de novo. The Court **ADOPTS in part** the R&R [ECF 92] as the Order of this Court. Plaintiff's objections are **OVERRULED.** Defendants' objections are substantially **SUSTAINED**. Defendants' motion to dismiss [ECF 80] is **GRANTED.** Plaintiff's motions for leave to relate back [ECF 104] and for an evidentiary hearing [ECF 108] are **DENIED as moot**. The Clerk is instructed to close this case.

**SO ORDERED** this 29th day of September, 2022.

Steven D. Grimberg
United States District Court Judge