IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ENNIS UNITA MCWHORTER,<br>  Plaintiff,<br><br>               v.<br><br>TRANSUNION LLC, *et al.*,<br>  Defendants. | Civil Action No.<br>1:21-CV-01753-SDG |

**OPINION AND ORDER**

This matter is before the Court on *pro se* Plaintiff Ennis McWhorter's 60(b) Motion, which she styles as a Motion to Set Aside Judgment and Re-Open the Case [ECF 112]. After careful consideration of the record, the Motion is **DENIED**.

**I.    Background**

Plaintiff initiated this action on April 28, 2021. She ultimately filed five versions of her complaint. On December 30, 2021, Plaintiff filed three "Statement of Claim[s]," which she treated as a singular amended complaint.[1] Defendants jointly moved to dismiss on January 13, 2022.[2] Judge Walker issued the R&R on April 27, 2022, recommending that the motion to dismiss be denied in part and

---

[1]    ECF 74, 75, and 76.

[2]    ECF 80.

granted in part.³ Undersigned adopted the R&R in part and granted Defendant's motion to dismiss in its entirety. This case was terminated on September 29, 2022. On October 11, 2022, Plaintiff filed the instant motion, requesting that the Court set aside the judgment and re-open her case.

## II.     Legal Standard

Federal Rule of Civil Procedure 60(b) permits relief from a final judgment based on, among other things,

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence;
>
> (3) fraud, misrepresentation, or misconduct; or
>
> (4) a void judgment.

The rule also contains a limited catch-all provision. Fed. R. Civ. P. 60(b)(6) (providing that relief from a final judgment may be granted for "any other reason that justifies" such relief). Whether to grant a motion under Rule 60(b) is within the "sound discretion of the district court." *Chege v. Ga. Dep't of Juvenile Justice*, 787 F. App'x 595, 597 (11th Cir. 2019) (quoting *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1355 (11th Cir. 2009)). Such relief is an extraordinary remedy. *Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir.1996) (citing *Ritter v. Smith*,

---

³     ECF 92.

811 F.2d 1398, 1400 (11th Cir. 1987)). Consequently, relief under Rule 60(b)(6) requires showing "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).

### III.   Discussion

Plaintiff has failed to show that any extraordinary relief is warranted in her case. The vast majority of her motion simply reiterates her arguments about the merits of this case, which she already presented to both Judge Walker and undersigned. Plaintiff had five chances to state a claim and was not able to do so. She cannot now make another attempt to state a claim and style it as a Motion for Relief from Final Judgment.

The only argument undersigned can conceivably construe as a Rule 60(b) argument is that, because Plaintiff suffered from an iron deficiency, the Court should find excusable neglect.[4] However, there was no neglect in the Rule 60(b) sense. "[E]xcusable neglect encompasses 'situations in which the failure to comply with a filing deadline is attributable to negligence.'" *McCall v. Frisky Whisky*, No. 3:13-cv-79-TCB, 2014 WL 12524655, at *1 (N.D. Ga. Apr. 4, 2014) (citing *Hutchinson*

---

[4]   ECF 112, at 1-2.

*v. Florida*, 677 F.3d 1097, 1109 (11th Cir. 2012)). Undersigned interprets Plaintiff's argument to be that her low iron levels resulted in an inability to clearly articulate a claim. The fact that Plaintiff characterizes this as "excusable neglect" does not make it so.

Plaintiff also argue that Rule 60(b) relief is warranted based on "misconduct by an opposing Defendant."[5] The only alleged misconduct she points to is the same conduct she relied on in her attempt to state a claim relating to improper credit reporting. She points to no fraud, misconduct, or misrepresentation by Defendants in an effort to obtain judgment in this case. Accordingly, Plaintiff's allegations provide no basis for the Court to grant her relief from judgment.

**IV.   Conclusion**

Plaintiff's Motion for Relief from Judgment and to Re-Open the Case [ECF 112] is **DENIED**.

**SO ORDERED** this 25th day of September, 2023.

Steven D. Grimberg<br>
United States District Court Judge

---

[5]   *Id.*, at 1.